**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10005 |
| Plaintiff-Appellee, | D.C. No. 2:04-cr-00377-MCE |
| v. | |
| ARMANDO SOLIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Armando Solis appeals from the district court's judgment and challenges the

revocation of supervised release following a contested evidentiary hearing. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Solis contends that the district court abused its discretion by revoking his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supervised release because there was insufficient evidence to establish the violations. In evaluating a challenge to the sufficiency of the evidence supporting a supervised release revocation, "we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted). Viewed in the light most favorable to the government, the evidence was sufficient to support the district court's finding that Solis violated the terms of his supervised release by committing the new crimes of conspiracy to possess methamphetamine with intent to distribute and unlawful use of a communication device and by associating with a person engaged in criminal activity. *See id.* Accordingly, the district court did not abuse its discretion by revoking Solis's supervised release. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).

**AFFIRMED.**